IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Jennings, ) | C/A No. 0:19-3284-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☐ Affirmed |
| Defendant. ) | ☒ Reversed and Remanded |
| ) | |

  This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒ Supplemental Security Income ("SSI")

  Application date:  October 11, 2016

☒ Disability Insurance Benefits ("DIB")

  Date last insured:  March 31, 2019

☐ Other:

Plaintiff's Year of Birth:  1966

Plaintiff's amended alleged onset date:  July 6, 2017  Plaintiff's age at that time:  50

**Part II—Social Security Disability Generally**

  Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

  A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d

1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

### Part III—Administrative Proceedings

Date of ALJ Decision:  December 17, 2018

In applying the requisite five-step sequential process, the ALJ found:

| Step 1: | Plaintiff was engaged in substantial gainful activity during the relevant time period:<br>☐ Yes   ☒ No |
|---|---|
| Step 2: | ☒  Plaintiff has the following severe impairments:<br>diabetes mellitus with peripheral neuropathy, and obesity<br><br>☐  Plaintiff does not have a severe impairment. |
| Step 3: | ☒   Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Plaintiff's Residual Functional Capacity is as follows:<br><br>[T]he claimant has the residual functional capacity to perform light work, as it is defined in 20 CFR 404.1567(b) and 416.967(b), except that he can stand and/or walk for a combined total of four hours per eight-hour workday.  He can frequently push and pull with the bilateral lower extremities, and he can frequently stoop, kneel, and crawl.  He cannot reach overhead with the bilateral upper extremities.  He can occasionally climb ramps or stairs, balance, and crouch.  He can never climb ladders, ropes, or scaffolds.  He can have no exposure to vibration and hazards.  He can frequently handle, grasp, and finger with the bilateral upper extremities.  His impairments would cause him to be off task for 10 percent of the workday. |
| Step 5: | ☐  Plaintiff could return to his/her past relevant work.<br><br>☐   Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.<br><br>☒  Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:<br>information clerk, DOT # 237.367-018, approximately 87,000 jobs nationally; office helper, DOT # 239.687-010, approximately 160,000 jobs nationally; and parking-lot attendant, DOT # 915.473-010, approximately 70,000 jobs nationally. |

Date of Appeals Council decision:  September 17, 2019

### Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."

Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Plaintiff's Issues for Judicial Review:**

I.  The ALJ failed to properly assess medical source opinion evidence.

II. The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

**Oral Argument**

☒ **Held on <u>September 10, 2020</u>.**

☐ **Oral argument not necessary for disposition**

**Summary of Reasons**

**The ALJ's decision should be reversed and remanded for further consideration of Plaintiff's residual functional capacity ("RFC") based on the following authorities/reasons:**

- A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

- The ALJ's RFC conclusion appears to be inconsistent with his determination that Jennings's pain would cause him to "need to change positions." (Tr. 18). The RFC fails to include a sit/stand option to accommodate this need to change positions. The Commissioner argues that the ALJ's inclusion in the RFC of an acknowledgment that Plaintiff's impairments would cause him to be off task for 10 percent of the work day accounts for Plaintiff's need to change position, but the court finds this to be unsupported and contrary to SSR 83-12. See SSR 83-12, 1983 WL 31253, at *4 ("In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify

the implications for the occupational base."). The vocational expert did not present testimony about erosion of the occupational base if Plaintiff needed to change positions at will. The ALJ did not provide a logical bridge from his implicit finding that Plaintiff would need to change positions and his summary statement that it would be adequately accommodated by the inclusion of a limitation that Plaintiff would be off task for 10 percent of the workday. See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted); Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated). Further, the ALJ does not explain how such a limitation accounts for the need to alternate sitting and standing as described in SSR 83-12. Id. (explaining that most sedentary jobs require prolonged sitting and only a few light work jobs can be performed primarily in a seated position).

## ORDER

☐ **Affirmed for the reasons stated on the record. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒ **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_/s/ Paige J. Gossett_

September 15, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE